IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONITA VARLEY, ) | |
|        Plaintiff, ) | |
| ) | |
| vs ) | Civil Action No. 06-631 |
| ) | |
| HIGHLANDS SCHOOL DISTRICT, ) | |
|        Defendant. ) | |

REPORT AND RECOMMENDATION

I. <u>Recommendation</u>:

It is respectfully recommended that the defendant's motion to dismiss the complaint (Document No. 5) be granted as to all allegations of discriminatory acts which are said to have occurred prior to June 18, 2004 and denied in all other respects.

II. <u>Report</u>:

Presently before the Court is the defendant's motion to dismiss the complaint for failure to state a viable claim. For reasons discussed below, the defendant's motion to dismiss should be granted in part and denied in part.

The plaintiff, Bonita Varley, commenced this action against defendant Highlands School District, alleging that it discriminated against her on the basis of her perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

In her complaint, the plaintiff alleges that since August 28, 1991, she worked as a full-time "special education teacher" at Highlands School District ("Highlands"); that in 2003, her job description was changed to "transition coordinator", although most of her responsibilities

remained the same; and that up until January 23, 2004, Highlands consistently evaluated her job performance as "satisfactory", which was the highest ranking on its evaluation form.

The plaintiff takes certain prescription medications due to health problems. She asserts that on January 21, 2004, the dosage of her medication was increased, and later that day, she inexplicably became tearful at a conference located off of Highlands' premises. The plaintiff avers that the following day, she experienced a similar onset of tears.

Believing that these tearful episodes were caused by her increased medication, the plaintiff alleges that she returned to work on January 23, 2004, at which time she began to cry while meeting with another teacher; that she went to the principal to discuss her crying episode, and at the suggestion of the administration, she agreed to go to the hospital; that she was taken to Allegheny General Hospital, assessed in its emergency room, and released with no restrictions; and that her treating physicians informed her that her crying episodes were most likely caused by a drug interaction due to the increased dosage of her medication.

The plaintiff contends that on January 26, 2004, Highlands informed her that she could not return to work until she met with the administration, after which she was told that Highlands required a psychiatric evaluation to determine if she was medically capable of returning to work. The plaintiff asserts that several incident reports were written concerning her crying episode on January 23, 2004, and an "unsatisfactory" evaluation was lodged against her. On February 20, 2004, the plaintiff avers that she willingly submitted to an examination by Highland's psychiatrist. According to the plaintiff, despite receiving confirmation from her treating physicians that her crying episode was most likely caused by a change in medication, Highlands continued to prohibit her from returning to work until her doctors relinquished all

2

medical records, including psychiatric records for the past nine years, and medical records unrelated to the crying incident.

The plaintiff contends that Highlands continued to pay her full salary until December 15, 2004, at which time it unexpectedly ceased payments; that she filed a grievance with her union related to her suspension from employment; that in conjunction with the ensuing arbitration, Highlands sought to subpoena all of her medical records, including psychiatric records for the past nine years; and that a judge in the Court of Common Pleas of Allegheny County PA quashed the subpoena.

The plaintiff asserts that on April 28, 2006, her grievance and arbitration claim was settled, and Highlands agreed to reinstate her as transition coordinator and make certain pension contributions on her behalf. The plaintiff complains, however, that she has not yet been reinstated, nor compensated for her lost wages and other damages.

In her two-count complaint, the plaintiff contends that Highlands discriminated against her in violation of the ADA, as it regarded her as having a disability and prevented her from returning to work (Count I). Highlands is also said to have violated the ADA by engaging in prohibited medical inquiries of the plaintiff's past medical history unrelated to her crying episode (Count II).

In response to the complaint, Highlands has moved to dismiss it, arguing that all allegations of discriminatory acts which are said to have occurred prior to June 18, 2004 are time-barred, as they did not occur within 300 days of the date when the plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was April 14, 2005. In reviewing a motion to dismiss, all well-pleaded allegations of the complaint

must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976); Shaev v.Saper, 320 F.3d 373, 375 (3d Cir. 2003).

We agree that all claims of discriminatory acts which are said to have occurred prior to June 18, 2004 are time-barred. In ADA cases as here, where a charge of employment discrimination is filed with both the EEOC and a parallel state agency (i.e., the Pennsylvania Human Relations Commission), the charge must be filed within 300 days from the date of the alleged unlawful employment practice. Florida-Kaclik v. SSPC, 124 Fed. Appx. 707, 709 (3d Cir. 2005). "Absent a continuing violation, all discriminatory acts that are alleged to have occurred more than 300 days prior to the EEOC filing are time-barred." Verdin v. Weeks Marine, Inc., 124 Fed. Appx. 92, 95 (3d Cir. 2005), citing National RR Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).

Highlands correctly argues that the plaintiff's EEOC charge is devoid of allegations of a continuing violation, such that all allegations in the complaint which occurred prior to June 18, 2004 are barred by the 300-day limitation period. See, Verdin, 124 Fed. Appx. at 95. Also see, National R.R. Passenger Corp., where the Supreme Court explained that "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges." 536 U.S. at 113-114. That is because "[e]ach discriminatory act starts a new clock for filing charges alleging that act." Id. at 113.[1]

---

1. The plaintiff does not argue that her claims constitute a "continuing violation". Indeed, in her EEOC charge, the plaintiff did not mark the box labeled "continuing action"; rather, she specified that the defendant's discrimination occurred on the following isolated dates: "1/23/04" (when the defendant issued several incident reports and lodged an unsatisfactory evaluation against her related to her crying episode), "12/15/04" (when the defendant ceased paying her salary and benefits) and "Present" (as the plaintiff has not been reinstated to her position). See,
(continued...)

Case 2:06-cv-00631-JFC   Document 11   Filed 07/05/06   Page 5 of 8

The record shows that the plaintiff filed her charge of discrimination with the EEOC on April 14, 2005, which was dual filed with the Pennsylvania Human Relations Commission.[2] The plaintiff's charge was filed approximately 120 days after Highlands allegedly ceased paying her salary on December 15, 2004, which constituted an adverse employment action. As to this discrete claim of discrimination, the plaintiff's EEOC charge was timely.

However, to the extent the plaintiff claims that Highlands discriminated against her on January 23, 2004 when it issued several incident reports and lodged an unsatisfactory evaluation against her in the aftermath of her crying episode, and refused to permit her to return to work during the week of January 26, 2004 until she had a psychiatric evaluation, such claims are time-barred, as they occurred more than 300 days before she filed her EEOC charge. Thus, the plaintiff's claims which are said to have occurred prior to June 18, 2004 are time-barred.[3]

---

1. (...continued)
the plaintiff's EEOC charge, which is attached as Exhibit 1 to the defendant's brief in support of its present motion.

2. Our review of the plaintiff's EEOC charge does not convert the defendant's present motion to one for summary judgment, for "a defendant may supplement the complaint by adding exhibits such as public records and other indisputedly authentic documents underlying the plaintiff's claims." Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

3. Highlands argues that Count I should be dismissed in its entirety as time-barred, as the plaintiff complains that during the week of January 26, 2004, it refused to permit her to return to work until she submitted to a psychiatric evaluation (complaint at ¶¶ 15-16). However, the plaintiff asserts that Highlands continued to pay her full salary up until December 15, 2004, when it unexpectedly ceased paying her (complaint at ¶ 21). This latter act of discontinuing the plaintiff's salary and benefits, which in essence terminated her employment, is timely and is the seminal claim in Count I, wherein the plaintiff seeks damages for lost compensation and other fringe benefits. With respect to the plaintiff's time-barred claims, we note that evidence of discriminatory acts falling outside the 300 day limitation period may constitute relevant background evidence for determining the merit of a timely-filed claim of discrimination. National RR Passenger Corp., supra, 536 U.S. at 112-113.

5

As to the plaintiff's timely-filed claims of discrimination in Count I of the complaint, she has stated a viable ADA claim. To state a claim under the ADA, the plaintiff must allege: (1) she has a "disability" as defined by the ADA, (2) is a qualified individual, and (3) has suffered an adverse employment decision because of her disability. See, Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001). Under the ADA, the term "disability" means, with respect to an individual–

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such impairment; or
> (C) being regarded as having such impairment.

42 U.S.C. § 12102(2). Having alleged that she was qualified to perform her duties, but that Highlands ceased paying her salary and prevented her from returning to work because it regarded her as having a disability (complaint at ¶¶ 20, 21, 27, 28), the plaintiff has stated a viable ADA claim in Count I.

In Count II, the plaintiff complains that Highlands violated the ADA by requiring medical examinations and making medical inquiries of her past medical history without showing they were job-related and consistent with business necessity. Specifically, the plaintiff contends that Highlands violated 42 U.S.C. § 12112(d)(4) "by prohibiting [her] from returning to work and by attempting to subpoena [her] complete medical records and [her] psychiatric records for the past nine years, which were unrelated to the crying incident and were likely to contain information that is not related to whether [she] was able to perform the essential functions of her job" (complaint at ¶ 33).[4]

---

4. It is provided in 42 U.S.C. § 12112(d)(4)(A): "A covered entity shall not require a medical
(continued...)

In moving to dismiss Count II, Highlands argues that the first part of the plaintiff's claim -- that it prohibited her from returning to work until she underwent a psychiatric examination and doctors relinquished her medical records -- is time barred, as it occurred beyond the 300-day limitations period. We agree. In accordance with our above discussion, to the extent Highlands' complained-of act of prohibiting the plaintiff from returning to work occurred prior to June 18, 2004 (complaint at ¶¶ 15-16, 19-20), the claim is time-barred.

As to its second alleged ADA violation in Count II -- attempting to subpoena the plaintiff's complete medical and psychiatric records for the past nine years -- Highlands moves to dismiss the claim, arguing that the plaintiff failed to exhaust her administrative remedies. According to Highlands, the plaintiff's EEOC charge was devoid of any claim related to its attempts to subpoena her medical and psychiatric records, such that she is barred from raising the claim in this forum. We disagree.

In cases as here, where an administrative charge must be filed with the EEOC or a parallel state agency, the parameters of a civil action are defined by the scope of the charge and the investigation which can reasonably be expected to grow out of it. Ostapowicz v. Johnson, 541 F.2d 394, 398-99 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977). Accord, Anjelino v. New York Times Co., 200 F.3d 73, 94 (3d Cir. 1999). Based on a fair reading of the plaintiff's EEOC charge, her claim in Count II which pertains to Highlands' attempts to get her doctors to relinquish her medical records is within the scope of her charge. See, plaintiff's EEOC charge at

---

4. (...continued)
examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is to be job-related and consistent with business necessity."

¶¶ 9, 10 and 12.  Hence, the Court may consider such claim.

      Highlands also argues that the plaintiff has failed to state a viable claim under 42 U.S.C. § 12112(d)(4), as it had a right to seek subpoenas for her medical records in connection with the plaintiff's grievance, just it had a right to require her to undergo an independent medical exam pursuant to the Pennsylvania Public School Code.  In resolving Highlands' motion to dismiss, the question of whether it was justified in seeking the plaintiffs' medical records is not before us.  Rather, accepting the plaintiff's allegations as true, we must discern whether she has stated a cognizable claim.  Having alleged that Highlands required medical examinations and made medical inquires of her past medical history without showing they were job related and consistent with business necessity (complaint at ¶¶ 32-33), the plaintiff has stated a viable claim in Count II.

      Therefore, it is recommended that the defendant's motion to dismiss the complaint (Document No. 5) be granted as to all allegations of discriminatory acts which are said to have occurred prior to June 18, 2004 and denied in all other respects.

      Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

      Respectfully submitted,

      s/ ROBERT C. MITCHELL
      United States Magistrate Judge

Dated: July 5, 2006