IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONITA VARLEY,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 06-631 |
| HIGHLANDS SCHOOL DISTRICT,<br>    Defendant. | )<br>)<br>) |

MEMORANDUM ORDER

On May 12, 2006, plaintiff Bonita Varley ("plaintiff" or "Varley") filed a complaint against defendant Highlands School District ("defendant" or "Highlands"), complaining that it discriminated against her on the basis of a perceived disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq ("ADA"). Plaintiff's complaint contains two counts. In count one plaintiff contends that in January 2004, Highlands regarded her as having a mental disability when it prohibited her from returning to work as a transition coordinator after she became tearful in school. In count two plaintiff contends that Highlands violated the ADA by engaging in prohibited medical inquiries of her past medical history which were not related to her tearful episodes.

On June 15, 2007, defendant moved for summary judgment on plaintiff's claims. On July 13, 2007, plaintiff filed a brief opposing summary judgment. On August 20, 2007, a Report and Recommendation (the "R&R") was issued by a magistrate judge, in which it was recommended that defendant's motion for summary judgment (Document No. 23) be granted with respect to count one of the complaint and denied as to count two.

The parties were given an opportunity to file written objections to the R&R, and on August 31, 2007, plaintiff filed objections. On September 7, 2007, defendant filed a response to plaintiff's objections. Plaintiff in the objections to the R&R argues that the R&R erred in finding with respect to count one that she did not adduce sufficient evidence for a reasonable jury to conclude Highlands regarded her as having a disability or that it took adverse action against her based upon that perception. To establish a prima facie case with respect to count one, plaintiff must adduce sufficient evidence for a reasonable jury to conclude that Highlands regarded her as having a mental impairment that substantially limited a major life activity and that it took an adverse employment action against her because it regarded her as having such an impairment. See 42 U.S.C. § 12102(2); Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006).

The record shows that Highlands would not allow plaintiff to return to work until she underwent an independent psychiatric exam. As discussed in the R&R, however, this fact alone does not show that Highlands regarded her as having an impairment. The United States Court of Appeals for the Third Circuit has explained that "'[a] covered entity may require a medical examination (and/or inquiry) of an employee that is job-related and consistent with business necessity.'" Tice v. Centre Area Transp. Auth., 247 F.3d 506, 514-15 (3d Cir. 2001) (quoting 29 C.F.R. § 1630.14(c)).

> A request for such an appropriately-tailored examination only establishes that the employer harbors *doubts* (not certainties) with respect to an employee's ability to perform a *particular* job. Doubts alone do not demonstrate that the employee was held in any particular regard ... and, as we have explained, inability to perform a particular job is not a disability within the meaning of the [ADA]."

Id. at 515 (italics in original).

Although the evidence adduced is sufficient to show that Highlands harbored doubts about whether plaintiff could perform her duties as its transition coordinator, the evidence of record does not raise a genuine issue regarding whether defendant regarded her as having an impairment that substantially limited her ability to work. To establish that Highlands believed her to be substantially limited in the life activity of "working," plaintiff must show that it "regarded her as precluded from [working] more than a particular job." Parker v. Port Authority of Allegheny County, 90 Fed. Appx. 600, 603 (3d Cir. 2004) (citing Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999)); see Tice, 247 F.3d at 514. Here, as discussed in the R&R, plaintiff failed to adduce sufficient evidence to show that Highlands regarded her as unable to perform a broad range of jobs due to a perceived impairment.

In addition, plaintiff failed to adduce evidence that Highlands subjected her to an adverse employment action based upon a perceived impairment. Plaintiff was subjected to an adverse employment action on November 22, 2004, when Highlands' superintendent placed her on an unpaid leave of absence. As discussed in the R&R, the evidence of record is that the superintendent took that action because plaintiff failed to provide Highlands' doctor with the medical records he sought in order to complete plaintiff's psychiatric evaluation. For reasons set forth in the R&R, plaintiff failed to adduce sufficient evidence to establish a prima facie case under the ADA. Under these circumstances, defendant is entitled to a grant of summary judgment in its favor on count one.

There are no objections to the R&R's recommended denial of summary judgment on count two of the complaint. Nonetheless, plaintiff argues that in granting defendant's motion for summary judgment on count one, but denying it as to count two, the R&R is inconsistent.

Contrary to plaintiff's position, the magistrate judge did not err in the R&R in finding that while plaintiff failed to adduce sufficient evidence to establish a prima face case of discrimination with respect to count one, she presented sufficient evidence to raise a genuine issue of material fact with respect to count two regarding whether Highlands engaged in prohibited medical inquiries. With respect to count one, the evidence adduced by plaintiff showed only that there were doubts about her ability to perform her job. That evidence was not sufficient for a jury to render a verdict in her favor on that claim. Count two is a different claim. Regardless whether any doubts about her ability were shown, the evidence of record was sufficient to raise a genuine issue regarding whether the inquires about her past medical history violated 42 U.S.C. § 12112(d)(4). Claim one and claim two are distinct claims requiring different analysis. The R&R properly analyzed each claim.

      After independent review of the pleadings, and the R&R, as well as the objections and response thereto,

      IT IS ORDERED that defendant's motion for summary judgment (Document No. 23) is granted with respect to count one of the complaint and denied with respect to count two.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: October 11, 2007

cc:    All Counsel of Record

       Honorable Robert C. Mitchell
       United States Magistrate Judge